**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                                          **5:05-CR-283**
        **vs.**                                          **(NAM)**

**RAFAEL GONZALEZ,**

                **Defendant.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

ANDREW T. BAXTER                        Paul D. Silver, Esq.
UNITED STATES ATTORNEY           Assistance U.S. Attorney
Northern District of New York
100 South Clinton Street
Room 900, P.O. Box 7198
Syracuse, New York 13261-7198

FEDERAL PUBLIC DEFENDER          Alexander Bunin, Esq.
39 North Pearl Street, 5th Floor             Federal Public Defender
Albany, New York 12207
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

**I.    Introduction**

      Defendant moves (Dkt. Nos. 20, 22) for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(o) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base offenses.[1] *See* U.S.S.G. § 2D1.1(c).

---

[1] Defendant originally moved, *pro se*, for a reduced sentence. (Dkt. No. 20). The Federal Public Defender entered an appearance on behalf of defendant on February 4, 2009 and supplemented the motion. (Dkt. No. 22). The Court deems defendant's citation to "U.S.S.G. § B1.10" a typographical error.

On August 30, 2005, the Court accepted defendant's plea of guilty to possession with intent to distribute approximately 85 grams of crack cocaine, a form of cocaine base, and approximately 295 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (C) and possession of firearms that have traveled in interstate commerce after having previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g) (Indictment Counts 1 and 2). Defendant's offense level was 31 with a criminal history category of II, resulting in a Guideline range of 121 to 151 months. However, Count 1 carried a statutory mandatory minimum sentence of 240 months. *See* 21 U.S.C. § 841(b)(1)(A). The government moved for a downward departure pursuant to 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1, based upon defendant's substantial assistance. The Court granted the motion and, on March 7, 2006, imposed a sentence of 121 months.

Defendant moves for a two-level reduction from his offense level to 29 which would yield a guideline range of 97 to 121 months based upon the Second Circuit holdings in *Richardson*, *Williams* and *McGee*. Defendant argues that when read together, the holdings support his claim that a defendant whose guideline range is lower than the mandatory minimum from which the court departed may be eligible for a reduced sentence when the sentencing court relies on the guideline range in determining the sentence. The government has opposed the motion (Dkt. No. 24). For the reasons set forth below, the motion is denied.

**II.    Discussion**

Where a statutory mandatory minimum sentence exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. *See* U.S.S.G. § 5G1.1(b); *U.S. v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009). In such a case, the original

Guidelines have no bearing on what becomes the defendant's Guideline sentence because the mandatory minimum "subsume[d] and displace[d] the otherwise applicable guideline range. *Williams*, 551 F.3d at 185 (citing *U.S. v. Cordero*, 313 F.3d 161, 166 (3d Cir. 2002)). Once the mandatory minimum applies, the defendant's sentence is no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *Id*. Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which is sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. *U.S. v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (denying the defendants' motion and holding that although Amendment 706 would reduce the base offense level, it would not affect the defendants' guideline ranges because they were sentenced as career offenders).

Even when the statutory mandatory minimum is excused due to a government motion under § 3553(3) and U.S.S.G. § 5K1.1, the ultimate sentence is not a Guidelines sentence, but rather a statutory sentence authorized by 18 U.S.C. § 3553(e). *Williams*, 551 F.3d at 186. In *U.S. v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008), the Second Circuit held that the only factor the sentencing court may consider in deciding the maximum extent of the downward departure pursuant to § 3553(e) is the nature and extent of defendant's substantial assistance. *See Williams*, 551 F.3d at 187 (holding that the district court specifically found that the original crack cocaine Guidelines should not have and did not play a role in determining the maximum extent of a substantial assistance departure under § 3553(e)).

In this case, the government argues that there is nothing in the record to support the contention that this Court limited the extent of the departure granted to defendant based upon any guideline range other than the 240-month applicable mandatory minimum term of imprisonment.

The Court agrees.  Because the statutory 240-month mandatory minimum exceeded the applicable pre-amendment Guidelines range, the statutory minimum became the Guidelines sentence.  Since the retroactive crack cocaine sentencing amendment would not change the Guidelines sentence, it is not applicable.  *See U.S. v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008).  Defendant's original sentence of 121 months was not the statutory mandatory minimum but instead, a lower sentence based upon a departure pursuant to 18 U.S.C. § 3553(e).  The Court arrived at defendant's sentence by applying the downward departure authorized by 18 U.S.C. § 3553(e) to the statutory minimum established in 21 U.S.C. § 841(b); the sentencing range had no bearing on defendant's sentence.  Therefore, the Court finds that the retroactive crack cocaine sentence reduction amendment does not apply and defendant is not eligible for a reduced sentence.

**III.    Conclusion**

It is therefore,

**ORDERED** that defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Date:   June 5, 2009

_____
Norman A. Mordue
Chief United States District Court Judge